FILED
CLERK, U.S. DISTRICT COURT
06/23/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: DVE DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2022 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

KHANH KIM NGUYEN,

Defendant.

No. 8:22-cr-00088-PA

I N D I C T M E N T

[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Laundering Money Instruments; 18 U.S.C. § 1001(a)(2): False Statements; 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1343, 2(a)]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

**Economic Injury Disaster Loan Program**

1. The Economic Injury Disaster Loan ("EIDL") program was a Small Business Administration ("SBA") program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The Coronavirus Aid, Relief,

and Economic Security ("CARES") Act -- a federal law enacted in or around March 2020 to provide emergency financial assistance to Americans suffering economic harm from the COVID-19 pandemic -- authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. EIDL proceeds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

2. In order to obtain EIDL proceeds, a qualifying small business had to submit an application to the SBA and provide information about its operations. EIDL applications were submitted directly to the SBA. If the application was approved, the amount of the loan was determined based, in part, on the information provided by the applicant. The entity that applied for the EIDL proceeds could also request that the SBA provide an advance or emergency grant of $1,000 for each person that the entity employed, up to $10,000.

3. Following the submission of the application, and prior to and as a condition of the disbursement of the loan, the applicant had to sign a Loan Authorization and Agreement ("LA&A"), certifying that, among other things, the loan proceeds would be used solely for that applicant's existing business's working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter. EIDL proceeds were issued directly by the SBA and initiated in Denver, Colorado.

B. <u>THE SCHEME TO DEFRAUD</u>

4. Beginning in or around April 2020, and continuing through in or around August 2020, in Orange County, within the Central District of California, and elsewhere, defendant KHANH KIM NGUYEN,

together with others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the SBA as to material matters, and to obtain monies, funds, assets, and other property owned by and in the custody and control of the SBA by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

    5. The fraudulent scheme operated and was carried out, in substance, as follows:

        a. On or about April 2, 2020, defendant NGUYEN would electronically apply to the SBA for an EIDL loan on behalf of Shark Investments, Inc. ("Shark"), a California corporation, falsely representing and certifying, among other things, that defendant NGUYEN was the "100%" owner of Shark, and requesting an advance of up to $10,000.

        b. On or about June 7, 2020, after a $3,000 advance had already been disbursed to defendant NGUYEN, defendant NGUYEN would electronically execute and submit to the SBA an LA&A, falsely representing and certifying, among other things, that Shark would "use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter."

        c. Defendant NGUYEN would cause the SBA, through the United States Department of the Treasury, to rely on defendant NGUYEN's false representations and certifications in the LA&A, and on or about June 10, 2020, to credit a Chase Bank account ending in 3801, in the name of Shark that defendant NGUYEN controlled, with approximately $90,900 in EIDL proceeds.

    d. From approximately June 2020 to August 2020, defendant NGUYEN would use the EIDL proceeds to purchase a wholly separate restaurant business -- which consisted of a California Department of Alcoholic Beverage Control license, furniture, fixtures, equipment, inventory, and goodwill -- in Westminster, California ("Westminster Business") for a purchase price of approximately $80,000.

C. USE OF THE WIRES

6. On or about June 10, 2020, in Orange County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant NGUYEN, and others known and unknown to the Grand Jury, each aiding and abetting the other, caused the transfer of approximately $90,900 -- which was issued by the SBA and initiated in Denver, Colorado -- to a Chase Bank account ending in 3801 -- which defendant NGUYEN opened in Orange County, California -- by means of wire communication in interstate commerce.

COUNT TWO

[18 U.S.C. §§ 1957, 2(a)]

1. Paragraphs 1 through 3, and 5, of Count One of this Indictment are realleged and incorporated here.

2. On or about June 11, 2020, in Orange County, within the Central District of California, and elsewhere, defendant KHANH KIM NGUYEN, together with others known and unknown to the Grand Jury, each aiding and abetting the other, knowing that the funds involved represented the proceeds of some form of unlawful activity, engaged in a monetary transaction in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count One of this Indictment. Specifically, defendant NGUYEN transferred $50,000, of which no less than $25,000 was fraudulently obtained EIDL proceeds, from a Chase Bank account ending in 3801 to a Chase Bank account ending in 1597, both of which accounts defendant NGUYEN controlled.

COUNT THREE

[18 U.S.C. §§ 1957, 2(a)]

1.  Paragraphs 1 through 3, and 5, of Count One of this Indictment are realleged and incorporated here.

2.  On or about August 3, 2020, in Orange County, within the Central District of California, and elsewhere, defendant KHANH KIM NGUYEN, knowing that the funds involved represented the proceeds of some form of unlawful activity, engaged in a monetary transaction in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count One of this Indictment.  Specifically, defendant NGUYEN transferred $45,000 in fraudulently obtained EIDL proceeds from his Chase Bank account ending in 3801 to an escrow company's Hanmi Bank account ending in 1468 to purchase a business property.

COUNT FOUR

[18 U.S.C. § 1001(a)(2)]

1. Paragraphs 1 through 3, and 5, of Count One of this Indictment are realleged and incorporated here.

2. On or about November 9, 2021, in Orange County, within the Central District of California, in an interview affecting a federal investigation into illegal gambling locations in Orange County, within the Central District of California, and in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the Federal Bureau of Investigation ("FBI") and Internal Revenue Service-Criminal Investigation ("IRS-CI") in Orange County, defendant KHANH KIM NGUYEN knowingly and willfully made a materially false statement and representation to the FBI and IRS-CI, knowing that this statement and representation was untrue. Specifically, defendant NGUYEN falsely stated that he had not used the EIDL proceeds for any purpose other than to pay rent, utilities, and employee payroll. In fact, as defendant NGUYEN then knew, defendant NGUYEN used at least a portion of the EIDL proceeds to purchase the Westminster Business in or around August 2020.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in any of Counts Two and Three of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)   Any property, real or personal, involved in any such offense, and any property traceable to such property; and

    (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.  Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offenses unless the defendant, in committing the offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/S/

Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

DANIEL H. AHN
Assistant United States Attorney
Senior Litigation Counsel
Santa Ana Branch Office

DANIEL S. LIM
Assistant United States Attorney
Santa Ana Branch Office