STEPHANIE S. CHRISTENSEN
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
DANIEL S. LIM (Cal. Bar No. 292406)
Assistant United States Attorney
    United States Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3538
    Facsimile: (714) 338-3561
    E-mail:   daniel.lim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 22-88-DOC |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| KHANH KIM NGUYEN, | |
| Defendant. | **CURRENT TRIAL DATE:** 09/6/22<br>**PROPOSED TRIAL DATE:** 06/13/23 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Daniel S. Lim, and defendant Khanh Kim Nguyen ("Defendant"), by and through his counsel of record, Kenneth Reed, hereby stipulate as follows:

    1.   The Indictment in this case was filed on June 23, 2022. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 11, 2022.  The

1. Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 19, 2022.
2. On July 11, 2022, the Court set a trial date of September 6, 2022.
3. Defendant is released on bond pending trial.
4. By this stipulation, defendant moves to continue the trial date to June 13, 2023 and the status conference date to June 5, 2023. This is the first request for a continuance.
5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:
   a. Defendant is charged with violating: (1) one count of 21 U.S.C. § 1343: Wire Fraud; (2) two counts of 18 U.S.C. § 1957;(Laundering Money Instruments); and (3) one count of 18 U.S.C. § 1001(a)(2): False Statements.  The government has produced to defendant voluminous discovery, including reports, recordings, and financial documents.
   b. Defense counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.
   c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.   The government does not object to the continuance.

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 6, 2022, to June 13, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

1  periods be excluded from the period within which trial must commence.
2  Moreover, the same provisions and/or other provisions of the Speedy
3  Trial Act may in the future authorize the exclusion of additional
4  time periods from the period within which trial must commence.
5      IT IS SO STIPULATED.
6   Dated: July 18, 2022                  Respectfully submitted,

                                          STEPHANIE S. CHRISTENSEN
                                          Acting United States Attorney

                                          SCOTT M. GARRINGER
                                          Assistant United States Attorney
                                          Chief, Criminal Division


                                               /s/
                                          DANIEL S. LIM
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA



16     I am KHANH KIM NGUYEN'S attorney.  I have carefully discussed
17  every part of this stipulation and the continuance of the trial date
18  with my client.  I have fully informed my client of his Speedy Trial
19  rights.  To my knowledge, my client understands those rights and
20  agrees to waive them.  I believe that my client's decision to give up
21  the right to be brought to trial earlier than June 13, 2023 is an
22  informed and voluntary one.
23       /s/ via email authorization            7/18/22
24  KENNETH REED                              Date
    Attorney for Defendant KHANH KIM
25  NGUYEN

4